FILED

SEP 12 2011

CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-20467 |
| Plaintiff, | |
| -vs- | HON. ROBERT H. CLELAND |
| D-1, GLENN E. MORGAN, Jr. | OFFENSE: 18 U.S.C. §876(c) Threatening Communications by Mail |
| Defendant. | MAXIMUM PENALTY: 5 years imprisonment |
| | MAXIMUM FINE: $250,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant GLENN E. MORGAN, JR., and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to **Count 1** of the Information, which charges Threatening Communication by Mail, in violation of 18 U.S.C. §876(c).

   B. **Elements of Offense**

   The elements of Count 1 are: 1) defendant caused to be delivered by the

Postal Service, according to the directions thereon, a communication addressed to any other person; 2) the communication contained a threat to injure a person; 3) the defendant acted knowingly and willfully.

### C.     Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

In early November, 2008, in the Eastern District of Michigan, Southern Division, defendant GLENN E. MORGAN, Jr., caused to be delivered by the Postal Service a communication addressed to C.S. at the residence of C.S. and his wife on Patton St. in Detroit, Michigan, containing a threat to injure the person of C.S. and his wife, S.S. The threatening communication, which was received by C.S. on November 8, 2008, contained a 4"noose and written material that included photographs of African-American men being lynched, along with the message, "Niggers like you that bring WHITE TRASH into our community should be lynched for being RACE TRAITORS!!!!" and a photograph of the body of a murdered Nicole Brown Simpson with the message "This is the fate of the Nigger Lovin white woman" directly above the picture. C.S. is African-American and S.S. is Caucasian. MORGAN, who had previously seen a photograph of C.S. and S.S. in a newspaper article, intentionally selected C.S. and S.S. to be the targets of his threatening communication because of their race. MORGAN personally made the noose that he placed in the envelope

addressed to C.S. MORGAN also personally placed the written materials containing the messages and photographs described above in the envelope addressed to C.S.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence, with the exception of the hate crime motivation factor set forth in U.S.S.G. 3A1.1(a), which the Court will find beyond a reasonable doubt..

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is **12-18 months**, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **12-18 months**, the higher guideline range becomes the range recommended by defendant and

government. The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) the government makes a non-binding recommendation that the sentence of imprisonment be no more than the mid-point of the sentencing guideline range as determined by Paragraph 2B.

### B. Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **three years.** The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to fines.

### E. Restitution

Restitution is not applicable to this case.

4. **OTHER CHARGES**

If the Court accepts this agreement, the government will not file any additional charges against defendant related to the communication threatening to injure the person of C.S. and his wife, S.S., or based on information currently known by the government.

5. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

6. **WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum recommendation allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the limitations period expired.

8. **PARTIES TO PLEA AGREEMENT**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Civil Rights Division of the United States Department of Justice.

9. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on August 27, 2011**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

| | |
|---|---|
| THOMAS E. PEREZ<br>ASSISTANT ATTORNEY GENERAL<br>CIVIL RIGHTS DIVISION | BARBARA L. MCQUADE<br>United States Attorney |
| *(signature)*<br>SANJAY PATEL<br>TRIAL ATTORNEY<br>CIVIL RIGHTS DIVISION<br>DEPARTMENT OF JUSTICE | *(signature)*<br>PAMELA THOMPSON<br>ASSISTANT UNITED STATES ATTORNEY |
| DATE: | DATE: |

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
NANCY McGUNN
ATTORNEY FOR DEFENDANT

DATE: 8 - 18 -11

_____
GLENN E. MORGAN, JR.
DEFENDANT

DATE: 8-18-11

Defendant: Glenn E Morgan Jr  Count: 1

Docket No.: _____  Statute(s): 18 USC § 876(c)

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS** (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2A6.1(a)(1) | Base level | 12 |
|  |  |  |
|  |  |  |
|  |  |  |

2. **ADJUSTMENTS** (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 3A1.1(a) | Hate crime motivation | 3 |
|  |  |  |
|  |  |  |

3. **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**15**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.* ☑

*If the defendant has no criminal history, check this box and skip Worksheet C.* ☑

Rev. 8/2010

ndant: Glenn E. Morgan, JR   Count: 1

Docket No.: _____   Statute(s): 18 USC § 876(c)

# WORKSHEET D   (Guideline Range)

1. **(Combined) Adjusted Offense Level**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

   **15**

2. **Adjustment for Acceptance of Responsibility (U.S.S.G § 3E1.1)**

   **-2**

3. **Total Offense Level**

   Enter the difference between Items 1 and 2.

   **13**

4. **Criminal History Category**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   **I**

5. **Career Offender/Criminal Livelihood/Armed Career Criminal/Dangerous Sex Offender (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **Guideline Range from Sentencing Table (U.S.S.G. ch. 5, pt. A)**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   **12-18 months**

7. **Statutory Restrictions on or Supersession of Guideline Range**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   **months**

Rev. 8/2010

Defendant: Glenn E Morgan, Jr    Count: 1

Docket No.: _____    Statute(s): 18 USC § 876(c)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION** (U.S.S.G. ch. 5, pt. B)

    a. Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

    [✓] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. Length of Term of Probation  (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. ✓ **SPLIT SENTENCE**  (U.S.S.G. § 5C1.1(c)(2), (d)(2))

    [✓] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT**  (U.S.S.G. ch. 5, pt. C)

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (See U.S.S.G. § 5C1.1.)

Rev. 8/2010

ndant Glenn E. Morgan, Jr      Count: 1

Docket No.: _____      Statute(s): 18 USC §876(c)

(WORKSHEET E, p. 2)

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☑ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐ 4. The statute of conviction requires a minimum term of supervised release of ___ months.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $___.

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☑ 5. Restitution is not applicable.

Rev. 8/2010

dant: Glenn E Morgan, Jr     Count: 1

Docket No.: _____     Statute(s): 18 USC §876(c)

(WORKSHEET E, p. 3)

6. **FINE** (U.S.S.G. § 5E1.2)

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   |---|---|
   | $3,000.00 | $30,000.00 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($400 for a corporation)
   $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   $   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $___.

8. **FORFEITURE** (U.S.S.G. § 5E1.4)

   [ ]  Assets of the defendant will be forfeited.          [✓]  Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

10. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 8/2010